## PETER DOLAN
## v.
## JOHN FARRELL.

*Mortgages—Foreclosure—Payment—Witnesses—Credibility.*

Upon a bill to foreclose a mortgage, it being contended that the note it was given to secure had been paid, the evidence being sharply conflicting and the credibility of the witnesses of prime importance in the consideration of the case, this court declines to interfere with decree for plaintiff.

[Opinion filed November 23, 1889.]

APPEAL from the Circuit Court of Jersey County; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Mr. A. W. HOPE, for appellant.

Mr. D. D. GOODELL, for appellee.

PLEASANTS, P. J. This was a bill to foreclose a mortgage executed by appellant to Martin B. Miner to secure a note for purchase money, dated August 27, 1869, for $125, at one year with interest, and assigned to appellee. The defense set up was payment in cash, specific articles and work by appellant's wife for appellee agreed to be credited on said note. On replication filed there was a reference to the master, who, on the proofs taken and reported, found the amount remaining due and unpaid to be $153, on which a decree was entered for complainant in the usual form. A motion made to vacate it, as taken in violation of an alleged stipulation between the solicitors, we think was not supported by sufficient proof of that allegation, and therefore properly overruled.

It appears that neither of the parties could read or write. The note bore indorsements of several credits on account. As to others claimed there was evidence to support them and other evidence in denial and explanation thereof. There was

also some tending to show offsets, a settlement and balance found, and some to impeach the general reputation of defendant and his wife for veracity.  The case turned wholly upon the credibility of the evidence, of which the master and the chancellor were probably better able to judge correctly than are we.

Having no means of knowing what was credited or discredited, nor any special reason for supposing there was a misjudgment of any of it, we would have affirmed the decree as it stands; but since the cause was submitted, appellee has seen fit to enter a *remittitur* of $30, expressed to be in view of some possible error as to the amount found due but not admitting any in fact, and it will therefore be affirmed as for only $123, so found.

<div align="right">

*Decree affirmed.*